LEOMITI IOSE for LEOMITI FAMILY, Claimant

v.

TOLUAO FAMILY, LEFOTU V. TUILESU,
OTTO V. HALECK, A.U. FUIMAONO,
VELE KUKA Sr., and TUANA'ITAU TUIA, Objectors

[In re Registration of Land "LEMAUGA"
in the Village of Pava'ia'i]


LEFOTU F. TUILESU, Claimant

v.

LEOMITI IOSE, TOLUAO FAMILY,
OTTO V. HALECK, TUANA'ITAU TUIA, and
TOILOLO TOILOLO, Objectors

[In re Registration of Land "TAFAGA"
in the Village of A'oloau]

High Court of American Samoa
Land and Titles Division

LT No. 35-82
LT No. 10-83

May 22, 1989

━━━━━━━━━━

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Leomiti, Aitofele Sunia
For Haleck, Roy J.D. Hall, Jr.
For Lefotu, Togiola T.A. Tulafono
For Toluao and Tuana'itau,
  L. Su'esu'e Lutu

The land presently in dispute is located on the side of a mountain. It is about a mile uphill from the village of Pava'ia'i, and a short distance downhill from Aoloau Fou. Until the late 1940s the land was virgin bush.

During World War II the military authorities built a road from the main east-west highway in Pava'ia'i to the mountaintop. This road contributed to the development of the mountainside from two directions. From the south the land was cleared and cultivated by people from Pava'ia'i, particularly Otto Haleck who is an adopted member of the Leomiti family and holds the unregistered matai title Lemauga within that family.[1] From the

---

[1] Settlement from Pava'ia'i had also proceeded, probably at an earlier time, along another trail about a half-mile to the west of the military road. The western part of the land that was originally in contention in the present case was cleared and cultivated by the Toluao and Tuana'itau families of Pava'ia'i. In the case of <u>Toluao v. Haleck</u>, LT No. 40-80, the Court held that 13.5 acres offered for registration by Haleck were the property of the Toluao family (two acres at the western extreme of the Haleck survey), the Tuana'itau family (about six acres just to the east of the Toluao property) and the Leomiti family (about 5.5 acres at the eastern end of the Haleck survey).
  Leomiti's offer of registration in one of the cases consolidated herein, LT No. 35-82, included a large part of the Haleck survey. Tuana'itau and Toluao objected on the ground that the Leomiti survey included part of the land that had been awarded to them in LT No. 40-80. At the beginning of the trial in this case, counsel for Toluao, Tuana'itau, and Leomiti submitted a

50

north came the whole village of Aoloau, whose chiefs decided to move the village up the mountain from its former location on the inaccessible north shore of Tutuila. In or around 1945 the village moved to its present location, called Aoloau Fou, on the mountaintop near the terminus of the new road.

In or around 1946 Lefotu Tuilesu, a matai of Aoloau, settled on a portion of the land presently in dispute. He cleared and cultivated about 4.08 acres and built a dwelling house and a store. His house and store were destroyed when the government widened the road in or around 1972, but his plantations continue to the present day.

Also during the late 1940s some clearing and cultivation was done by Miller Salima on behalf of the Leomiti family. He testified that he left for the United States in the early 1950s and that his brother took over his plantations. We have no evidence, however, of how long these plantations continued to be cultivated after the departure of Miller Salima, and no direct evidence that they were continued at all. We also do not know exactly where these plantations were. Although Mr. Salima was of the opinion that they were within the present Lefotu survey, Lefotu says he never saw Salima there; and according to Mr. Salima's specific recollection of the relative locations of his plantations, the road, and Haleck's house, the plantations could well have been outside the Lefotu survey.

In or around 1950 Otto Haleck moved into the area. He built at least one house, just outside the boundaries of the present Leomiti survey, and cultivated extensive plantations. He and Lefotu lived peacefully side by side for many years.[2]

stipulation by which they settled their boundary dispute. This stipulation is illustrated in Leomiti Exhibit 1; it is approved and incorporated into the Court's order and judgment. The only matter remaining for resolution by the Court is the dispute between Leomiti and Lefotu at the northeastern corner of the Leomiti survey.

[2] The long, close, and amicable proximity of Lefotu and Haleck is evidenced not only by the testimony in this case but also by the record of LT No. 40-80, Haleck's unsuccessful attempt to register land that included some of the same land at issue in the present proceeding. Without objection, we took judicial notice of the record of LT No. 40-80, to which Leomiti and Toluao

Haleck's driveway traverses Lefotu's plantations, and at least until recently there have been no problems between the two neighbors. Since it does not appear likely that Lefotu cleared his entire 4.08 acres at once, and we have no specific evidence of whether Lefotu began planting in the area of the driveway before or after Haleck began building it, we conclude that these two events occurred at about the same time.

Although Leomiti presented some evidence of cultivation in the general area by members of the Leomiti family other than Haleck and Salima, it appears that many of the leading members of the Leomiti family (including the present senior matai, who testified that he has rarely seen members of the Lefotu family on the land) were away from the Territory for much of the time between 1946 and 1982 when the present litigation began. At least one member of the Leomiti family, Lemauga Otto Haleck, does appear to have been physically present in the area for about forty years, living immediately adjacent to the land claimed by Lefotu. Haleck was represented by counsel in this case, who also served as co-counsel for the Leomiti family. If Haleck could have truthfully testified that he, like Leomiti, had not seen Lefotu family members occupying the land they now claim, he would have been a far more effective witness than any of those who did testify for Leomiti; but Haleck was not called.

The evidence clearly preponderates in favor of Lefotu's ownership of the land he claims. We conclude that he began clearing the land from virgin bush in 1946, lived on it until 1972, and has cultivated it continuously to the present day.

Even if we were to conclude --- as on the present record we cannot --- that Miller Salima's plantations were within the Lefotu survey, we would

were parties. Haleck called Lefotu as his first witness at the preliminary injunction hearing, in his capacity as the occupant of the nearest adjacent land; Lefotu's testimony was consistent with his testimony at trial of the present matter. Lefotu also was identified as Haleck's next door neighbor by at least one other witness at the 1980 hearing, Senator Paogofie of Pava'ia'i; and neither Leomiti nor any other party questioned these assertions, although it would have been most useful to their case to do so if possible.

52

still have no evidence that they were cultivated by members of the Leomiti family at any time after the early 1950s. Under the twenty-year adverse possession statute then in effect, Lefotu's occupation of this land (which was open, notorious, exclusive, continuous, and hostile to the claim of the Leomitis) would have made him the owner well before this suit was filed in 1982.

The remainder of the Leomiti survey, with the exception of the portion in the southwest corner that Leomiti has stipulated to be the property of Tuana'itau, appears to have been cleared and cultivated by Haleck and perhaps by others on behalf of the Leomiti family.

### Order

Lefotu may register the 4.08 acres within his survey as the communal land of the Lefotu family. Lefotu's rights are, however, subject to the right of Otto Haleck to continue using the driveway that traverses part of the Lefotu tract.

Leomiti may register the land within his survey, with the exception of the 4.08 acres in the northeastern corner that belongs to Lefotu and the area in the southwestern corner stipulated to belong to Tuana'itau. The tract which Leomiti may register as the communal land of the Leomiti family would appear to comprise between eleven and twelve acres.

The Toluao family may register the westernmost portion of the 1980 Haleck survey (the tract marked "A" by the Court on Leomiti Exhibit 1).

The Tuana'itau family may register the tract within the Haleck survey to the east of the Toluao portion (marked "B" by the Court on Exhibit 1). This includes an area, appearing to comprise slightly less than two acres, within the southwestern corner of the present Leomiti survey.

It is so ordered.